MeCLANAHAN, J.,
concurring.
I concur with the majority opinion reversing the judgment of the trial court. However, I write separately because the Court need go no further than the Code of Virginia to hold that a judgment should be entered against the father for the amount of his arrearages without adjustment for non-conforming payment.
The General Assembly has passed legislation no fewer than six times that includes the following language with respect to modification of support awards: “No support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification, but only from the date that notice of such petition has been given to the responding party.” Code §§ 20-74, 16.1-278.18, 20-49.10, 20-108, 20-112, 63.2-1916. The policy of the state legislature is clear that no retroactive modification of support awards is allowed. The trial court awarded father credit retroactively for non-conforming payments of his court-ordered support obligation. The legislature has provided no such exception, but for the period of time in *18 which there is a pending petition for modification. In this case, the notice of the petition to amend support was dated November 8, 2001. Any modification of the support order for any period of time prior to that date is prohibited. Clearly, the laws do not allow credit for non-conforming payments such as these.